**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FEDERAL LAND BANK | § | |
| ASSOCIATION OF SOUTHERN | § | |
| ALABAMA, FLCA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:09-cv-03115 |
| | § | |
| CORNELIUS & SALHAB, R.P. | § | |
| CORNELIUS, WILLIAM T. | § | |
| CORNELIUS, and JOSEPH SALHAB, | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,
ALTERNATIVELY, MOTION TO DISMISS FOR LACK OF JURISDICTION
OVER THE SUBJECT MATTER, AND,
<u>ALTERNATIVELY MOTION TO REASSIGN CASE</u>**

Berry Dunbar Bowen
Fed ID No. 6177
TBN 02721050
3014 Brazos Street
Houston, Texas 77006
Telephone: (713) 521-3525
Facsimile: (713) 521-3575
berrybowen@comcast.net
ATTORNEY IN CHARGE FOR
Cornelius & Salhab, R.P. Cornelius,
William T. Cornelius, and Joseph Salhab

## TABLE OF CONTENTS

Nature & Stage of the Proceeding  …………………………………………..  1

Issues to be Ruled Upon ………………………………………………...  2

  1.  Whether Defendants 12(b)(6) Motion should be granted ………………  2

    A.  Standard of Review………………………………………………...  2

  2.  Whether the September 15, 2009 agreement clearly and unambiguously
  bars this action ……………………………………………………………...  3

    A.  Standard of Review …………………………………………………..  3

  3.  Whether this Court's post-judgment jurisdiction may be invoked to
  attempt to collect from persons not debtors on the judgment ………………  4

    A.  Standard of Review …………………………………………………..  4

  4.  Whether the action must be repled to conform to Texas post-judgment
  garnishment procedures, as required by Rule 69, Fed.R.Civ.P., and to state
  fraud with particularity as required by Rule 9(b), Fed.R.Civ.P. ……………  4

    A.  Standard of Review …………………………………………………..  4

  5.  Whether, for this action to proceed, the client, Paul Hulse, Sr., or his
  representative, Texas residents both, is an indispensable party aligned with
  Plaintiff and that, therefore, the case must be dismissed for want of
  diversity jurisdiction ………………………………………………………...  4

    A.  Standard of Review …………………………………………………..  5

  6.  Whether the action should be reassigned ………………………………  5

    A.  Standard of Review …………………………………………………..  5

Summary of Argument ……………………………………………………...  6

Argument …………………………………………………………………...  7

  1.  This Court may not adjudicate this claim under the turnover statute …...  7

  2.  The Agreement bars this action ………………………………………..  7

  3.  This conclusion is reinforced in that Plaintiff seeks equitable remedies.
  Therefore, Plaintiff should be denied a remedy by its inequitable conduct ..  8

  4.  The reassignment from Judge Rosenthal should be rescinded …………  9

  5.  Plaintiff was right – Plaintiff is unable to recover the funds from
  Defendants through ordinary (or any other permissible or available) legal
  process ………………………………………………………………………...  10

    A.  Constructive Trust is not an available remedy ……………………  10

    B.  Plaintiff has failed to plead fraud with particularity as required by
    Rule 9(b)(6), Fed.R.Civ.P. ………………………………………………  11

6.   If allowed to proceed, this action must be dismissed for lack of jurisdiction over the subject matter …………………………………………   13

Conclusion ……………………………………………………………………..   15

Certificate of Service                                                                    16

## INDEX OF AUTHORITIES

*Cases*

*Barron v. Countryman*, 432 F.3d 590 (5th Cir. 2005) ……………………………..  12

*Bay City Plastics, Inc. v. McEntire*, 106 S.W.3d 321 (Tex.App. – Houston 2003).  7

*Berry v. McLemore*, 795 F.2d 452 (5th Cir. 1986) ………………………………...  7

*Bollore S.A. v. Import Warehouse, Inc.,* 448 F.3d 317 (5th Cir. 2006) ……………  7, 9

*Broussard v. Columbia Gulf Transmission Co.,* 398 F.2d 885 (5th Cir. 1968) …...  15

*Buchanan v. A.B. Spencer Lumber Co.,* 134 S.W. 292 (Tex.Civ.App. 1911) ……  15

*Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285 (5th Cir. 2004) ………...  2-3

*Eikel v. States Marine Lines, Inc.,* 473 F.2d 959 (5th Cir. 1973) …………………  14

*Fitz-Gerald v. Hull*, 237 S.W.2d 256 (1951) ………………………………………...  11

*Gonzalez v. Mission American Insurance Company*, 795 S.W.2d 734 (Tex. 2000)  8

*Jett v. Zink*, 32 F.2d 732 (5th Cir. 1966) …………………………………………….  15

*Keegar v. Hankle Oil & Regining Co.*, 155 F.2d 971 (5th Cir. 1946) ……………  14

*Lara v. Cinemark USA, Inc.*, 207 F.3d 783 (5th Cir. 2001) ………………………  4

*Letcher v. Turner*, 968 F.2d 508 (5th Cir. 1992) ………………………………….  2

*Lopez v. Munoz, Hockema & Reed, L.L.P.* 22 S.W.3d 857 (Tex. 2000) ………….  8

*Meadows v. Bierschwale,* 516 S.W.2d 125 (Tex. 1974) ………………………….  9, 11

*In re McBride*, 117 F.3d 208 (5th Cir. 1997) ……………………………………….  10

*Norman v. Apache Corp.*, 19 F.3d 1017 (5th Cir. 1994) ………………………….  4

*Pinkston v. Victoria Bank & Trust Co.,* 215 S.W.2d 245 (Tex.Civ.App. – Waco 1948) ………………………………………………………………………………….  15

*Smith v. Rogers*, 147 S.W.2d 934 (Tex.Civ.App. – San Antonio 1941) ………….  15

*Spector v. Norwegian Cruise Line, Ltd.,* 356 F.3d 641 (5th Cir. 2004) ………...  4

*Tayssoun Transportation, Inc. v. Universal Am-Can Ltd.*, No. 4:04-cv-01074, Memorandum and Order (Docket Entry No 44) ………………………………….  3-4

*Telephone Equip. Network v. Ta/Westchase*, 80 S.W.3d 601 (Tex.App. – Houston [1[st] Dist.] 2002) ……………………………………………………………….  12-13

*Thompson v. Vinson & Elkins,* 859 S.W.2d 617 (Tex.App. – Houston [1[st] Dist.] 1993) ………………………………………………………………………………….  14

*U.S. v. Edwards*, 39 F.Supp.2d 692,708 (M.D. La., 1999) ………………………  5

*Walnut Equipment Leasing Co. v. J-V Dirt and Leasing*, 907 S.W.2d 912 (Tex.App. – Austin 1995) ……………………………………………………………...  15

*Wheeler v. Blacklands Production Credit Ass'n.,* 627 S.W.2d 846, 851    10-11
(Tex.App. – Fort Worth, 1982) ………………………………………………...

**Statues**

28 U.S.C. § 1631 ……………………………………………………….    10

Chapter 24, Tex.Bus. & Com. Code ……………………………………    9

Chapter 63, Tex.Civ.Prac. & Rem. Code ………………………………    13

**Rules**

Rule 9(b), Fed.R.Civ.P. ………………………………………………...    4, 11

Rule 12(b)(6), Fed.R.Civ.P. ……………………………………………    2

Rule 69, Fed.R.Civ.P. …………………………………………………    4, 6, 13

Rule 11, Tex.R.Civ.P. …………………………………………………    6, 9

Rules 657-679, Tex.R.Civ.P. …………………………………………...    13

**Other Authority**

J.L. AUSTIN, *Philosophical Papers* (Oxford 2nd Ed. 1970) ……...…………………….    6

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FEDERAL LAND BANK | § | |
| ASSOCIATION OF SOUTHERN | § | |
| ALABAMA, FLCA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:09-cv-03115 |
| | § | |
| CORNELIUS & SALHAB, R.P. | § | |
| CORNELIUS, WILLIAM T. | § | |
| CORNELIUS, and JOSEPH SALHAB, | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,
ALTERNATIVELY, MOTION TO DISMISS FOR LACK OF JURISDICTION
OVER THE SUBJECT MATTER, AND,
<u>ALTERNATIVELY MOTION TO REASSIGN CASE</u>**

**<u>NATURE & STAGE OF THE PROCEEDING</u>**

This is an action brought by the judgment creditor in No. 07-cv-02832, in aid of a

judgment entered by this Court, appealed, but not superceded by bond or otherwise,

against persons not parties to that judgment.  The complaint was filed on September 25,

2009 (Docket Entry No. 1) and assigned to Judge Rosenthal.  An order for pretrial

conference for January 29, 2010 at 8:45 a.m. was entered. (Docket Entry No. 2).

Immediately, without awaiting Defendants' appearance, and without any notice to the

named Defendants, Plaintiff sought and obtained reassignment of the case to this Court

for the reason that this Court had tried No. 07-cv-02832 and had familiarity with the

issues.  (Docket Entries Nos. 3 and 5).  Significantly, Plaintiff also argued the Texas

turnover statute as grounds for reassigning the case.  (Docket Entry No. 3).  This

memorandum accompanies Defendants initial responsive pleading, which is timely filed this the 29th day of October 2009.

<u>**ISSUES TO BE RULED UPON**</u>

1.  *Whether Defendants 12(b)(6) Motion should be granted.*

    A. **Standard of Review**

    Rule 12(b) provides that, if on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Id.*  The district judge based his dismissal upon "matters outside the pleading" and we, therefore, view the "dismiss[al] with prejudice" ordered by the district court as summary judgment for the defendants.

    Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56.  In reviewing the district court's grant of summary judgment, we review the record using the same standards as guided the district court.  *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir 1988).  We, therefore, cannot affirm summary judgment unless the record reveals no genuine issue of material fact.  *Id.* We must view fact issues with deference to the nonmovant and draw all inferences favorably to the party opposing the motion.  *Id.*  We will decide on questions of law *de novo.  Id.*  Furthermore, "[i]n reviewing a district court's grant of summary judgment, an appellate court may affirm even though the district court relief on the wrong reason in reaching its result." *Davis v. Liberty Mutual Ins. Co.*, 525 F.2d 1204, 1207 (5th Cir. 1976) (citations omitted).

*Letcher v. Turner*, 968 F.2d 508, 509-10 (5th Cir. 1992).

    [The Fifth Circuit reviews] *de novo* dismissals under Rule 12(b)(6).  *Hamilton v. United Heathcare of Louisiana, Inc.,* 310 F.3d 385, 388 (5th Cir. 2002).  In doing so, [the Court] accept[s] as true the well-pleaded factual allegations in the complaint.  *Herrmann Holdings, Ltd v. Lucent Technologies, Inc.,* 302 F.3d 552-557 (5th Cir. 2002) (quotations and citations omitted).  The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir. 1998).  The dismissal will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Lowrey v. Texas A&M Univ. Sys.,* 1117 F.3d 242, 247 (5th Cir. 1997)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)). …

If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c). *Tuley v. Heyd*, 482 F.2d 590, 592 (5th Cir. 1973). We review the grant of summary judgment *de novo*. *Flock v. Scripto-Tokai Corp.,* 319 F.3d 231, 236 (5th Cir. 2003) (citations omitted). A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is "no genuine issues as to any material fat and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

2. *Whether the September 15, 2009 agreement clearly and unambiguously bars this action.*

A.  **Standard of Review**

"The determination of whether a contract is ambiguous is a question of law." *Cicciarella v. Amca Mutual Ins. Co.*, 66 F.3d 764, 767-68 (5th Cir. 1995); *Yancey v. Floyd West & Co.,* 755 S.W.2d 914, 917 (Tex.App. – Fort Worth 1988, writ denied); *see H.E. Butt Grocery Co. v. Nat'l Union Fire Ins. Co.*, 150 F.3d 526, 529 (5th Cir. 1998); *Memorial Med. Ctr. v. Keszler*, 943 S.W.2d 433, 434 (Tex. 1997) (citing *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983)); *Nat'l Union Fire Ins. Co. v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)…

The terms of a contract are ambiguous if they are subject to two or more reasonable interpretations. *Balandran v. Safeco Ins. Co.,* 972 S.W.2d 738, 741 9Tex. 1998); *see also Cicciarella*, 66 F.3d at 768 ("A contract is ambiguous only 'when its meaning is uncertain and doubtful or it is reasonably susceptible of more than one meaning.'" (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983))). On the other hand, if the terms of the contract can be given a definite or certain legal meaning, then the contract is not ambiguous. *H.E. Butt*, 150 F.3d at 529; *Nat'l Fire Ins.*, 907 S.W.2d at 520. If a contract is subject to more than one reasonable interpretation, courts must use *contra proferentum* and adopt the construction most favorable to the non-drafting party. *State Farm Fire & Cas. Co. v. Vaughn,* 968 S.W.2d 931, 933 (Tex. 1998); *Balandran v. Safeco Ins. Co.,* 972 S.W.2d 738, 741 n.1 (Tex. 1998); *Evergreen Nat. Indem. Co. v. Tan It All, Inc.*, 111 S.W.3d 669, 676-77 (Tex.App. – Austin, 2003, n pet. hist.).

*See Tayssoun Transportation, Inc. v. Universal Am-Can Ltd.*, No. 4:04-cv-01074, Memorandum and Order at pp. 16-17 (Docket Entry No 44).

3. *Whether this Court's post-judgment jurisdiction may be invoked to attempt to collect from persons not debtors on the judgment.*

A. **Standard of Review**

The construction of a statute is a question of law, and is reviewed *de novo*. *Spector v. Norwegian Cruise Line, Ltd.*, 356 F.3d 641, 644 (5th Cir. 2004); *Lara v. Cinemark USA, Inc.*, 207 F.3d 783, 786 (5th Cir. 2001).

4. *Whether the action must be repled to conform to Texas post-judgment garnishment procedures, as required by Rule 69, Fed.R.Civ.P., and to state fraud with particularity as required by Rule 9(b), Fed.R.Civ.P.*

A. **Standard of Review**

Rule 9(b) of the Federal Rules of Civil Procedure requires that in all averments of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Although the defendant's state of mind may be averred generally, Rule 9(b) requires the plaintiff to allege "the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred" or face dismissal of his claim. *Haber Oil Co. v. Swinehart (In re Haber Oil Co.)*, 12 F.3d 426, 439 (5th Cir.1994) (internal quotation and citation omitted). Allegations of fraud must thus meet "a higher, or more strict, standard than the basic notice pleading required by Rule 8." *Shushany*, 992 F.2d at 521. This standard is derived from concerns that unsubstantiated charges of fraud can irreparably damage a defendant's reputation. *Guidry*, 954 F.2d at 288. Further, Rule 9(b) is designed "to preclude litigants from filing baseless complaints and then attempting to discover unknown wrongs." *Shushany*, 992 F.2d at 521 (internal quotation and citation omitted).

*Norman v. Apache Corp.*, 19 F.3d 1017, 1022 (5th Cir. 1994).

5. *Whether, for this action to proceed, the client, Paul Hulse, Sr., or his representative, Texas residents both, is an indispensable party aligned with*

*Plaintiff and that, therefore, the case must be dismissed for want of diversity jurisdiction.*

A. **Standard of Review**

*De novo.*   Subject matter jurisdiction cannot be waived nor conferred by agreement, and its absence can be raised by the Court *sua sponte* at any time.

6. *Whether the action should be reassigned.*

A. **Standard of Review**

This matter is committed to the sound discretion of the court:

[A] defendant has no vested right to have his case tried before any particular judge, nor does he have the right to determine the manner in which his case is assigned to a judge. Local regulations are promulgated by district courts primarily to promote efficiency of the court and the court has a large measure of discretion in applying them.

"Local rules governing the assignment of cases are designed as internal housekeeping rules to promote the efficient operation of the district courts; they are not designed to confer rights on litigants." As the Eighth Circuit stated in *Levine v. United States:*

> Even if control over the assignment of cases were not observed by the court under the rule, the judges have inherent power to administer the business of the courts in an orderly way. Litigants have no vested right in the order in which cases are assigned for trial; and it is not contended that the judge to whom the case was assigned was in any way disqualified.

Furthermore, 28 U.S.C. § 137 provides that the "business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the Court." Federal Rule of Criminal Procedure 57(b) provides that if "no procedure is specifically prescribed by Rule, the Court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute."

*U.S. v. Edwards*, 39 F.Supp.2d 692,708 (M.D. La., 1999).

## SUMMARY OF ARGUMENT

The reach of a judgment creditor does not extend to the fee paid to these well-respected, long serving members of the criminal bar hired to defend Paul Hulse, Sr. against federal criminal charges being developed by the United States Attorney General in Alabama.  The Texas post-judgment turnover statute clearly cannot be used to recover their fees from these lawyers, and, on September 15, 2009, plaintiff entered into a binding legal agreement in which the Bank agreed it was unable to recover these fees through ordinary legal process against Defendants.[1]   (Exhibit 1).   This agreement expressly confirms the fact that the Bank is unable to recover the funds from Defendants by ordinary legal process.  Three weeks later the Bank caused ordinary legal process to issue against these Defendants by filing this suit and having summons issued.  (Docket Entry No. 1).  Something is clearly wrong here.

To construe the agreement as other than an agreement not to pursue these lawyers would require the Court to construe the agreement as to constitute an intentional relinquishment of due process rights merely by implication.  The agreement reflects no such intentional relinquishment and must be construed against the drafter.  The express agreement is that "the Bank is therefore unable to recover such property from you by ordinary legal process."  Accordingly, this case must be dismissed on the merits.[2]

---

[1] Plaintiff references Rule 69, Fed.R.Civ.P., as requiring all proceedings supplementary to or in aid of judgment to accord with applicable state procedure.  This agreement is filed herewith and is enforceable herein pursuant to Rule 11, Tex.R.Civ.P.

[2] For example, the statement "I cannot bench press 500 pounds," in the context of an agreement, necessarily implies that I will not try to bench press 500 pounds, precisely because I cannot bench press 500 pounds.  "I could not bench 500 pounds if I tried," has no different meaning then "I cannot bench 500 pounds."  *See generally,* J.L. Austin, *Philosophical Papers,* Chapter 9: *Ifs and Cans*, p. 205 (Oxford 2nd Ed. 1970) ("Are cans constitutionally iffy?  Whenever, that is, we say that we can do something, or could do something, or could have done something, is there an if in the offing – suppressed, it may be, but due nevertheless to appear when we set out our sentence in full or when we give an explanation of its meaning?")

## ARGUMENT

1. *This Court may not adjudicate this claim under the turnover statute.*

While the turnover statute permits continuing jurisdiction in the Court rendering the judgment, the question presented is whether this Court may take original jurisdiction of what, in reality, is a post judgment garnishment action, in the guise of an impermissible attempt to invoke the turnover statute against a third party.  Clearly not.

> Texas courts construing the turnover statute have expressly and consistently held that it may be used to reach only the assets of parties to the judgment, not the assets of nonjudgment third parties.  *See, e.g., Beaumont Bank*, 806 S.W.2d at 227; *Bay City Plastics, Inc. v. McEntire*, 106 S.W.3d 321, 324 (Tex.App. – Houston 2003); *United Bank Metro v. Plains Overseas Grp.,* 670 S.W.2d 281, 283 (Tex.App. – Houston 1983).

*Bollore S.A. v. Import Warehouse, Inc.,* 448 F.3d 317, 323 (5th Cir. 2006).

> A turnover statute is not a substitute for established remedies allowing a creditor to reach property owned by the judgment debtor claimed to be in the possession of a stranger to the lawsuit.  A creditor may seek garnishment against third parties or join them in a suit against the debtor, and if successful, obtain a turnover order against the third party.  However, a creditor may not seek a turnover order against third parties without other initial proceedings.  *Ex parte Swate*, 922 S.W.2d 122, 126 (Tex. 1996) (Gonzalez, J. joined by Owens, J., concurring).

*Bay City Plastics, Inc. v. McEntire*, 106 S.W.3d 321, 324 (Tex.App. – Houston 2003).

> In the instant case, enforcement is sought against third parties, who were strangers to the court's judgment in Berry I.  The writ of garnishment, under the clear precedent of this court, is an action separate and independent from the action giving rise to the judgment debt.

*Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986).

2. *The Agreement bars this action.*

Defendants are entitled to the due process and procedural protections of Texas post-judgment garnishment actions.  *Bollore, supra.*  Defendants' acknowledgment that they would not voluntarily give up their fee but would vigorously contest a garnishment

action, resulted in the Bank's agreement that the Bank was unable to recover from Defendants by ordinary legal process.

Was it really the Bank's intention in making the agreement to obtain an implied waiver of due process protections and create an otherwise non-existent right to attorneys' fees?   On its face, the agreement says nothing of the kind.   Rather, it clearly and unambiguously reflects the Bank's acknowledgement and agreement that it cannot collect through ordinary legal process.

> Whether a contract is ambiguous is a question of law for the court to decide.  *See R&P Enters. V. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980).  In construing contracts, we must ascertain and give effect to the parties' intentions as expressed in the document.  *See id.*  A contract is not ambiguous if it can be given a certain or definite legal meaning or interpretation.  *See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996); *Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex. 1996).  Ambiguity does not arises simply because the parties advance conflicting interpretations of the contract; rather, for an ambiguity to exist, both interpretations must be reasonable.  *See Columbia Gas*, 940 S.W.2d at 589; *National Union Fire ins. Co. v. CBI Indus., Inc.,* 907 S.w.2d 517, 520 (Tex. 1995).  Because here the contract language can be given a definite legal meaning, and it is not reasonably susceptible to more than one meaning, it is unambiguous.

*Lopez v. Munoz, Hockema & Reed, L.L.P.* 22 S.W.3d 857, 860 (Tex. 2000).

> It is well-established law that where an ambiguity exists in a contract, the contract language will be construed strictly against the party who drafted it since the drafter is responsible for the language used.  *See Republic National Bank v. Northwest National Bank*, 578 S.W.2d 109 (Tex. 1978).

*Gonzalez v. Mission American Insurance Company*, 795 S.W.2d 734, 737 (Tex. 2000).

For this reason, this Motion should be granted and the claim dismissed with prejudice.

3.  *This conclusion is reinforced in that Plaintiff seeks equitable remedies.   Therefore, Plaintiff should be denied a remedy by its inequitable conduct.*

Of course, the remedies availed by Plaintiff, (UTFA, constructive trust) to charge the present Defendants with a portion of the judgment debt are purely equitable.  He who

seeks equity must do equity.  *See, e.g., Meadows v. Bierschwale,* 516 S.W.2d 125, 132 (Tex. 1974).  It is inequitable for the Bank to bring this claim in this manner in light of their obligation under Rule 11, Fed.R.Civ.P. and in light of *Bollore,* which the Bank admits is controlling.   If it was the Bank's intent in the letter agreement to strip Defendants of their due process rights, such conduct was wholly inequitable.   It is inequitable for the Bank to fail to allege a single enumerated badge of fraud under the Texas Uniform Fraudulent Transfer Act, "UFTA", against these Defendants, when the affidavits of the Defendants supported by affidavits of several respected lawyers, were already filed of record in *United States v. Hulse*, 2:09cm18282-SRW, In the United States District Court for the Middle District of Alabama, Northern Division, and Plaintiff had appeared therein.  (Exhibit 2).

4.  *The reassignment from Judge Rosenthal should be rescinded.*

It was inequitable to seek and obtain reassignment of this case *ex parte* without notice to Defendants and prior to their being served.  Why the rush?  More importantly, *precisely because* the findings in the action tried in this Court are not binding on Defendants, the Court in its discretion should rescind the transfer order and the case should be transferred back to Judge Rosenthal in order "to ensure jurisdiction *and a proper procedure* for obtaining relief against the Cornelius Defendants."   Plaintiff's Motion to Reassign Case at ¶ 4, p. 2 (Docket Entry No. 3).  *Bollare*, 448 F.3d at 323 ("[L]imitations on the reach of the turnover statute – that it applies only to judgment debtors and that it may not be used to adjudicate substantive rights – ultimately spring from due process concerns consistent with those that underlie the requirement of personal jurisdiction; i.e. they prevent 'the original trial court [from] reach[ing] out and assum[ing]

jurisdiction for trial purposes of potential lawsuits involving third parties. *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783-84 (Tex.App.-Houston 1992).”); see *generally*, *In re McBride*, 117 F.3d 208 (5th Cir. 1997); *see also* 28 U.S.C. § 1631.[3]

5. *Plaintiff was right – Plaintiff is unable to recover the funds from Defendants through ordinary (or any other permissible or available) legal process.*

A. Constructive Trust is not an available remedy.

“Necessity of trust property. A constructive trust does not arise unless there is property on which the constructive trust can be fastened, and such property is held by the person to be charged as constructive trustee. Thus, although a constructive trust arises where a transfer of title to land or a chattel or a chose in action is obtained by fraud, yet where by fraud a person is induced to render services, no constructive trust arises, even though the person rendering the services is entitled to recover the value of his services...” All of the cases and the authorities on the subject, speak of a constructive trust only with respect to specific property which has been wrongfully taken from another who is equitably entitled to it.

In Bogert, Trust and Trustees, 2d ed revised, sec. 471, p. 9, the following statement is made: “In order to obtain a constructive trust the plaintiff must identify specific property as the res of the trust to which he is entitled. Mere breach of contract does not entitle the complainant to a constructive trust, nor does proof that defendant has been guilty of some wrongdoing and has assets that could be used to satisfy the complainants' claim.”

In order that a court may fasten a constructive trust on a defendant it must find particular property on which attachment can be obtained. *Bradford v. Chase Nat. Bank of City of New York*, D.C.N.Y. (1938), 24 F.Supp. 28, affirmed *Berger v. Chase Nat. Bank of City of New York*, C.C.A., 105 F.2d 1001, affirmed, 309 U.S. 632, 60 S.Ct. 707, 84 L.Ed. 990, rehearing denied 309 U.S. 698, 60 S.Ct. 885, 84 L.Ed. 1037.

In order to fasten a constructive trust on property owned by the defendant, some particular property must be identified as to which plaintiff has an equity. *Wier v. Kansas City*, 204 S.W.2d 268, 356 (Missouri 1947).

---

[3] 28 U.S.C. § 1631 speaks in terms of “want of jurisdiction.” There is no want of jurisdiction in the sense that Defendants do not contest the existence of diversity jurisdiction in this action. However, there *is* a want of jurisdiction in the sense that the supplementary post-judgment jurisdiction under the Texas turnover statute on which the reassignment order was based is lacking.

In the case of *Peirce v. Sheldon Petroleum Co.*, 589 S.W.2d 849, (Tex.Civ.App.-Amarillo-1979), plaintiff alleged that she had given money to a friend for investment in an oil company owned and operated by the friend's son, but that she never received any interest in the oil company. Thereafter, the son transferred the assets of his company to defendant corporation in return for shares of defendant corporation. Plaintiff sought to impose a constructive trust on the assets of defendant. Where the plaintiff could not trace her funds beyond her friend to the defendant corporation no constructive trust could be imposed. Plaintiff's alleged one-quarter interest in the mineral properties acquired by the son's company could not be followed into defendant's hands; the assets of defendant were not the res of the trust plaintiff sought to establish.

Before a constructive trust can be imposed on property belonging to one wrongfully withholding that property from another who has an equitable claim to it, it must be established that the property subjected to the constructive trust is the property, or the proceeds from the sale thereof, or revenues therefrom, that was somehow wrongfully taken.

*Wheeler v. Blacklands Production Credit Ass'n.,* 627 S.W.2d 846, 851 (Tex.App. – Fort Worth, 1982, no writ).

"[A] constructive trust on unidentifiable cash proceeds is inappropriate." *Meadows v. Biershwale*, 516 S.W.2d 125, 129 (Tex. 1974). A constructive trust cannot be traced beyond a purchaser in good faith without notice who takes the property relieved of the trust. *Fitz-Gerald v. Hull*, 237 S.W.2d 256, 263 (1951). Plaintiff's own allegations show that any constructive trust on their loan proceeds ended with the mortgagee in Virginia. Those same allegations defeat any claims of subsequent tracing of these specific proceeds to the sale of the Virginia property on which the mortgagee had been paid.

B. <u>Plaintiff has failed to plead fraud with particularity as required by Rule 9(b), Fed.R.Civ.P.</u>

How can Plaintiff in good faith merely allege that this was a sham or "purported" transaction? The government made known its intent to indict Mr. Hulse in 2007. There has been a criminal action initiated by the United States against Mr. Hulse for the

continuation of his defense to a possible indictment.   Plaintiff appeared in that

proceeding.  Defendants filed their affidavits and supporting exhibits and affidavits from

other attorneys in that proceeding.  Those exhibits include a draft indictment and other

communications from the United States in 2007, and the written attorney-client

engagement letter.[4]

> The purpose of UFTA is to prevent fraudulent transfers of property by a debtor who intends to defraud creditors by placing assets beyond their reach. *Connell v. Connell*, 889 S.W.2d 534, 542 (Tex.App.-San Antonio 1994, writ denied). UFTA creates a statutory cause of action through which a creditor may seek recourse for a fraudulent transfer of assets or property. *Blaekthorne v. Bellush*, 61 S.W.3d 439, 443 (Tex.App.-San Antonio 2001, no pet.); Jackson Law Office, P.C. v. Chappell, 37 S.W.3d 15, 25 (Tex. App.-Tyler 2000, pet. denied). The act provides that a transfer of an asset is fraudulent, as to a creditor, if the debtor made the transfer with the actual intent to hinder, delay or defraud any of the debtor's creditors.  5 TEX. BUS. & COM.CODE ANN. § 24.005(a)(1) (Vernon Supp.2002). UFTA lists 11, nonexhaustive "badges of fraud" to assist in determining whether the debtor made the transfer with the requisite fraudulent intent. *Id.* § 24.005(b)(1)-(11).

> The list includes whether: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. *Id.*

---

[4] Significantly, Defendants also attached Judge Jones opinion in *Barron v. Countryman*, 432 F.3d 590 (5th Cir. 2005).  *Barron,* with its discussion at 432 F.3d 594, of classic, security, and advance payment retainers and the uncontroverted evidence of the engagement agreement and the affidavits of the Defendants and other lawyers constrain the conclusion that the payments made to the Defendants were not security retainers but rather partake of the characteristics of both classic and advance payment retainers.

> When a creditor establishes a fraudulent transfer, section 24.008 sets forth the remedies available to the creditor. *See id.* § 24.008 (Vernon 1987). The section 24.008 remedies include an avoidance of the obligation to the extent necessary to satisfy the creditor's claim, an attachment against the asset transferred, or, subject to applicable principles of equity and in accordance with the rules of civil procedure, an injunction against further disposition of the asset transferred, the appointment of a receiver to take charge of the asset transferred, or any other relief the circumstances may require. *See id.*

*Telephone Equip. Network v. Ta/Westchase,* 80 S.W.3d 601, 607-608 (Tex.App. – Houston [1ˢᵗ Dist.] 2002, n.w.h.).

6.  *If allowed to proceed, this action must be dismissed for lack of jurisdiction over the subject matter.*

If this claim is not summarily denied on the merits, and is allowed to proceed under proper procedure, the case must ultimately be dismissed for lack of jurisdiction of the subject matter.  Under Rule 69, Fed.R.Civ.P., the only claim the Bank had is the post-judgment garnishment action governed by Chapter 63 of the Tex. Civ. P. and Rem. Code and Rules 657-679, Tex.R.Civ.P.[5]  The true claim of the Bank is that Defendants didn't *earn* their $50,000.00 pre-indictment fees, in whole or in part, and that some or all of the amount should be refunded to the client, and is therefore collectable by the client's judgment creditor through a post-judgment garnishment action.

If the uncontroverted evidence attached hereto and *Barron, supra,* do not foreclose this claim at the outset, there are two problems here.  First, may the judgment creditor step into the shoes of the client and prosecute what is basically an attorney fee dispute?  Second, and related, could the judgment creditor prevail in such a claim without the controverting affidavit of the client, i.e. the original defendant and judgment debtor, as expressly provided for by Rules 666, 673 and 678, Tex.R.Civ.P?

---

[5] Which, as demonstrated above, the Bank acknowledged and agreed would be unavailing.

Importantly, because the client is an indispensable and necessary party to any fee dispute and the joinder of the client even as involuntary plaintiff would defeat subject matter jurisdiction, the case must be dismissed.  Claims arising out of the attorney client relationship simply cannot be adjudicated except between the client, or his representative, and the attorney.  *See, e.g., Thompson v. Vinson & Elkins,* 859 S.W.2d 617 (Tex.App. – Houston [1st Dist.] 1993, writ denied).  While the claim may be pursued through post-judgment garnishment, it cannot proceed without joinder of the client as a party adverse to the garnishee on the claim stated at paragraphs 13 and 14 of Plaintiff's complaint.

That an indispensable party may deprive the court of jurisdiction does not make them any less indispensable.  *Keegar v. Hankle Oil & Regining Co.*, 155 F.2d 971 (5th Cir. 1946).  To determine the status of the parties for diversity purposes, the Court must look beyond the pleadings to matters actually in controversy.  *Eikel v. States Marine Lines, Inc.,* 473 F.2d 959 (5th Cir. 1973).

This is a dispute over payment of attorneys fees.  This is the matter actually in controversy.  How can the client not be an indispensable party to a claim to recover the fee by the client's judgment creditor?  The factual allegations in Paragraphs 13 and 14 of Plaintiff's complaint more than say it well enough:

> 13.  Paul Hulse, Sr. has not been indicted to date.  Defendants Cornelius & Salhab, R.P. Cornelius, and William T. Cornelius have not provided substantive legal services to Paul Hulse, Sr. or billed Paul Hulse, Sr. for any legal services.  Defendants Cornelius & Salhab, R.P. Cornelius, and William T. Cornelius instead determined in 2008 that they would not continue to provide legal representation to Paul Hulse, Sr., because they concluded that Paul Hulse, Sr. had serious health problems; had not been indicted; and was unable, if indicted, to pay them an additional $250,000 that they required to defend Paul Hulse, Sr. through a criminal trial.  Because Defendants Cornelius & Salhab, R.P. Cornelius, and William T. Cornelius failed and/or declined to provide legal services to Paul Hulse, Sr., Paul Hulse, Sr.

14

instead sought and obtained a court-appointed attorney to represent him in potential criminal proceedings against him in the United States District Court for the Middle District of Alabama.

14. As a result, the $100,000 Trust Property was not earned by any of the Defendants, and it is the property of H&H (subject to the superior rights of the Bank).  However, Defendants Cornelius & Salhab, R.P. Cornelius, and William T. Cornelius have not refunded to H&H the $100,000 Trust Property or any portion thereof.

(Docket Entry No. 1).

Texas garnishment proceedings are purely statutory and are strictly construed against garnishors.  *Walnut Equipment Leasing Co. v. J-V Dirt and Leasing*, 907 S.W.2d 912, 915 (Tex.App. – Austin 1995); *Pinkston v. Victoria Bank & Trust Co.,* 215 S.W.2d 245, 247 (Tex.Civ.App. – Waco 1948, no writ); *Smith v. Rogers*, 147 S.W.2d 934, 935 (Tex.Civ.App. – San Antonio 1941, no writ); *Buchanan v. A.B. Spencer Lumber Co.,* 134 S.W. 292, 293-94 (Tex.Civ.App. 1911).  Indispensable parties must be joined *sua sponte* even though to do so would completely destroy complete diversity and oust the federal courts of jurisdiction.  *Jett v. Zink*, 32 F.2d 732 (5th Cir. 1966) cert. denied 385 U.S. 987; *Broussard v. Columbia Gulf Transmission Co.,* 398 F.2d 885 (5th Cir. 1968).

## <u>CONCLUSION</u>

This case should be dismissed with prejudice on the basis of the clear and unambiguous language of the agreement.  Alternatively, it should be dismissed with leave to amend and Plaintiff be required to be replead to meet the requirements of Texas post-judgment garnishment actions against non-debtors, and, Plaintiff, as required under Rule 9(b), Fed.R.Civ.P., must make specific allegations of the fraudulent conduct supporting any available relief.  This amendment would be futile, because, in response to any sufficient amendment, the Court should conclude that the attorneys' client is an

indispensable party to the action and dismiss the case for lack of jurisdiction of the subject matter.  Alternatively, this action should be reassigned to Judge Rosenthal for consideration of the matters raised herein and any further proceedings.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Berry Dunbar Bowen
Berry Dunbar Bowen
Fed ID No. 6177
TBN 02721050
3014 Brazos Street
Houston, Texas 77006
Telephone: (713) 521-3525
Facsimile: (713) 521-3575
berrybowen@comcast.net
ATTORNEY IN CHARGE FOR
Cornelius & Salhab, R.P. Cornelius,
William T. Cornelius, and Joseph Salhab

</div>

Of Counsel:

Robert A.  Jones, Esq.
Fed ID No. 12692
TBN 10941500
2211 Norfolk Street, Suite 600
Houston, TX 77098
Telephone: 713-526-1171

Amy B. Archambault, Esq.
Fed ID No. 670238
TBN 24055110
3014 Brazos Street
Houston, Texas 77006
Telephone: (713) 521-3525
Facsimile: (713) 521-3575

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to the parties listed below either via electronic means as listed on the Court's ECF noticing system or via United States first-class mail, on October 29, 2009.

M. David Bryant, Jr.

Cox Smith Matthews Incorporated
1201 Elm Street, Suite 3300
Dallas, Texas 75201

/s/ Berry Dunbar Bowen
Berry Dunbar Bowen